849 F.2d 609
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Quinrontes Q. JAMES, Plaintiff-Appellant,
v.
Lt. J. RION, Individually and In His Official Capacity at
Northpoint Training Center, et al., Defendants-Appellees.
 No. 87-6334.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1988.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and plaintiff's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff appeals the dismissal of his complaint filed under 42 U.S.C. Sec. 1983 as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Plaintiff alleged that defendants charged him with disciplinary violations and transferred him in retaliation for his legal activities, and that he was denied due process during disciplinary proceedings. On appeal, we review plaintiff's complaint de novo accepting its allegations as true, and may affirm the dismissal only if "it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief." See Brooks v. Seiter, 779 F.2d 1177, 1179-80 (6th Cir.1985).
 
 
 3
 Initially, we note that review of plaintiff's claim that the disciplinary action was retaliatory is limited to a determination of whether plaintiff received due process. See McKinney v. Meese, 831 F.2d 728, 733 (7th Cir.1987) (per curiam). The district court dismissed this claim because plaintiff did not allege that available state remedies are inadequate, Parratt v. Taylor, 451 U.S. 527 (1981); however, the placement of plaintiff in disciplinary segregation was accomplished pursuant to established state procedures and not as a result of a random and unauthorized act. Plaintiff was therefore not required to plead the inadequacy of state remedies in order to state a claim. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 436 (1982).
 
 
 4
 Further, it cannot be determined from the record before us whether plaintiff received adequate due process. Plaintiff also alleged that he was transferred in retaliation for his legal activities. According plaintiff's allegations the required presumption of truth, we cannot conclude that plaintiff "can prove no set of facts which would entitle him to relief." See Brooks, 779 F.2d at 1179.
 
 
 5
 Therefore, the judgment of the district court is vacated pursuant to Rule 9(b)(6), Rules of the Sixth Circuit, and the case is remanded to the district court for further proceedings.